85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Jose RIVAS-PORRAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 94-70849, Adn-nlo-fdi.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1996.
Decided May 10, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and McKIBBEN, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Roger Jose Rivas-Porras, a native and citizen of Nicaragua, petitions for review of the final decision of the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. This court has jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 Rivas contends that the INS erred in finding him ineligible for both asylum and withholding of deportation. Because the BIA expressly relied upon the findings and conclusions of the IJ, we review both the IJ's and BIA's decision. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 5
 The denial of asylum is reviewed for abuse of discretion. Id. The IJ's determination that Rivas has failed to prove eligibility for asylum is reviewed for substantial evidence; and reversal is warranted only if the evidence presented is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution, or if a reasonable factfinder would necessarily find past persecution on the facts in the record. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993); Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).
 
 
 6
 To be eligible for asylum, Rivas had the burden of demonstrating that he was unwilling to return to Nicaragua "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See Immigration and Nationality Act, §§ 208(a), 101(a)(42)(A), 8 U.S.C. §§ 1158(a), 1101(a)(42)(A). For the purposes of asylum, persecution is the infliction of suffering or harm upon an alien because of his race, religion, or political opinion in a way regarded as offensive. Prasad, 47 F.3d at 339.
 
 
 7
 An applicant's fear of future persecution is well-founded where it is both subjectively genuine and objectively reasonable. Id. at 338. Further, eligibility for asylum can be established by evidence of past persecution alone. Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988).
 
 
 8
 As evidence of past persecution and his fear of future persecution, Rivas testified (1) that his life and liberty had been threatened, (2) that he was fired from a Sandinista job for his political beliefs, and (3) that his wife had been interrogated and fired from her job.
 
 
 9
 While death threats may form the basis for past persecution or a well-founded fear of persecution in some instances, see Hernandez-Ortiz v. INS, 777 F.2d 509 (9th Cir.1985), they do not compel a finding of eligibility for asylum in this case. In assessing whether threats amount to past persecution, or whether they give rise to a well-founded fear of persecution, "the BIA should focus on the types of threats about which an alien testifies," to determine whether the persons making the threats have the will or ability to carry them out. Rodriguez-Rivera v. Dep't of Immigration & Naturalization, 848 F.2d 998, 1005 (9th Cir.1988).
 
 
 10
 Rivas testified that a Sandinista union official threatened him with imprisonment and death when Rivas refused a scholarship to study ideology in the Soviet Union. Although Rivas was eventually fired, the apparent sincerity and gravity of the threats of death and imprisonment were dispelled with the passage of time. See id. at 1006. Rivas not only survived without being imprisoned or killed after he was initially threatened, but he retained his position in a Sandinista-operated supermarket for approximately six months before he was terminated. His ability to obtain an exit visa for his travel from Nicaragua to Mexico also weighs against the sincerity of the Sandinista threats. See id. Accordingly, substantial evidence supports the IJ's and BIA's conclusions that the threats described by Rivas at the hearing did not amount to past persecution or give rise to a well-founded fear of future persecution.
 
 
 11
 Further, Rivas's loss of his Sandinista job, his wife's loss of her job, and the rescission of his food ration card do not compel a finding of past persecution or a well-founded fear of future persecution, especially where there is no evidence that he suffered any substantial harm as a result. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985). There is no evidence that Rivas was unable to secure other employment, and he conceded that his wife had obtained private sector employment.
 
 
 12
 With respect to the interrogations of his wife (who remains in Nicaragua), Rivas testified that his wife was emotionally upset by the detentions, but that she was not physically harmed. The interrogations ceased when she revealed that Rivas had entered the United States. There is no indication in the record that Rivas's wife was detained for any prolonged period of time, or that she suffered any specific harm. Thus, the questioning of Rivas's wife by the Sandinistas would not compel a finding of past persecution or a well-founded fear of future persecution. Cf. Prasad, 47 F.3d at 339 (brief detention, even when combined with some physical violence, is not necessarily persecution).
 
 
 13
 Finally, the IJ and the BIA properly took into account the change in Nicaragua's government, which is "highly relevant to the likelihood of future persecution." Kazlauskas, 46 F.3d at 906 n. 3. Rivas contends that the IJ and BIA erred by taking administrative notice of the Sandinista's loss of power in Nicaragua in the face of overwhelming evidence that the Sandinistas continued to control both the police and the military.
 
 
 14
 We disagree. As required by Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), Rivas had a fair opportunity to address the issue of whether the Sandinistas had the will or ability to persecute him in the future. Rivas raised the issue before the IJ when his counsel elicited testimony and presented exhibits on continuing Sandinista control in Nicaragua despite the election of the Chamorro government. Rivas also raised the issue in his brief to the BIA on appeal.[1] Thus, it was not an abuse of discretion for the BIA and IJ to give considerable weight to the changed government in Nicaragua. Acewicz, 984 F.2d at 1056.
 
 
 15
 Moreover, there is no merit to Rivas's contention that the IJ improperly required him to prove that the Chamorro government would not have the inclination or ability to protect him. The burden of establishing eligibility for asylum is on the applicant. Acewicz, 984 F.2d at 1051. The evidence Rivas presented to meet this burden did not bear on Rivas's particularized concerns. Rather, he provided only generalized statements and documents concerning Sandinista control, which do not compel the conclusion that his fear of future persecution is well-founded in light of the change in government. Cf. Castillo-Villagra, 972 F.2d at 1029 (discussing need to consider particularized concerns in post-election Nicaragua).
 
 
 16
 Because the standard for withholding of deportation under Section 243(h)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(1), is higher than the standard for asylum eligibility, and because Rivas has failed to meet the lower standard for asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 17
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The Hnorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropraite for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The BIA did not err in refusing to consider new evidence concerning the issue on appeal. Rivas did not move to reopen the proceedings pursuant to 8 C.F.R. § 3.2 to augment the record. Because Rivas presented evidence of Sandinista control at his individual hearing, there was no due process violation when the BIA limited the evidence to that which was presented to the IJ